UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. FRENCH, MJF HOLDINGS, LLC and MJF CAPITAL, LLC,<br><br>Defendants, and<br><br>208 SEARS STREET, LLC, 211 CROOKED CEDAR WAY, LLC, 302 KEITHWOOD DRIVE, LLC, 313 SLIDING ROCK DRIVE, LLC, 52 RIVERMONT ROAD, LLC, ALLY'S FARM, LLC, and DUGOUT ENTERPRISES, LLC,<br><br>Relief Defendants. | Civil Action File No. |

## PLAINTIFF'S EMERGENCY MOTION
## FOR ASSET FREEZE AND OTHER EQUITABLE RELIEF

The Securities and Exchange Commission ("Commission") hereby moves this Court for an emergency order (1) freezing the assets of Defendants Michael J. French ("French"), MJF Holdings, LLC ("MJF Holdings"), and MJF Capital, LLC ("MJF Capital"); (2) freezing the assets of Relief Defendants 208 Sears Street,

LLC, 211 Crooked Cedar Way, LLC, 302 Keithwood Drive, LLC, 313 Sliding Rock Drive, LLC, 52 Rivermont Road, LLC, Ally's Farm, LLC, and Dugout Enterprises, LLC; (3) expediting discovery in this proceeding; (4) directing Defendants and Relief Defendants to provide an accounting of the use of investor funds; and (5) prohibiting the Defendants and Relief Defendants from altering, concealing, or destroying relevant documents.  As grounds for this motion, the Commission shows as follows:

1. From April 2020 to September 2022, Defendants French and MJF Holdings sold more than $20 million in promissory notes to investors throughout the country.

2. French told investors that the high-yield notes – promising 12% returns for a one-year investment – were backed by a low-risk investment program, under which the note proceeds would be loaned to small businesses and/or invested in commercial loans on a fractional basis to produce returns.

3. French also told prospective investors that neither he nor his entities would receive any payment unless and until investors had received their promised returns.

4. In reality, the investment was a sham.

5. French misappropriated at least $13.2 million of investor proceeds to make Ponzi payments to earlier investors and to pay for his personal expenses. The personal expenses included the purchase of luxury and classic cars, a personal residence for French and a separate residence for his parents, a personal performance coach, a personal trainer, and a personal chef.

6. French also diverted substantial sums to other entities that he owned and controlled, and paid approximately $1.3 million in undisclosed compensation to a third party entity that referred individuals to French for prospective investment in MJF Holdings.

7. MJF Capital was the primary entity through which French conducted his operations, and it aided and abetted French's and MJF Holdings' offering fraud.

8. The Defendants, by virtue of their conduct, directly or indirectly, have engaged and, unless enjoined, will engage in violations of Sections 5(a), 5 (c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c) & 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. The Commission seeks permanent injunctions, an accounting, expedited discovery, an order preventing the destruction of documents, disgorgement and pre-judgment

interest, civil penalties and an asset freeze as to each Defendant and Relief Defendant.

9. Relief Defendants 208 Sears Street LLC, 211 Crooked Cedar Way LLC, 302 Keithwood Drive LLC, 313 Sliding Rock Drive LLC, 52 Rivermont Road LLC, Ally's Farm LLC, and Dugout Enterprises LLC, received proceeds from this scheme and were unjustly enriched thereby.

10. This is brought as an emergency motion because there is an imminent danger the Defendants will further dissipate assets that might otherwise be available for an award of disgorgement for the benefit of the defrauded investors.

11. Immediate action by this Court is necessary to prevent the dissipation and removal of assets for the benefit of defrauded investors, which remain in the control of the Defendants.

12. French has already begun dissipating assets by disposing of assets purchased with investor funds.

13. French has sold several luxury and classic cars purchased with investor funds.

14. Additionally, only weeks after learning of the Commission's investigation, French began the process of selling the real property held by the Relief Defendants and purchased with investor funds.

15. Since December 31, 2022, French has paid $26,500 to a law firm that describes itself as "Asset Protection Law Firm."

16. On February 28, 2023, French was arrested in Fort Myers, Florida and charged with several crimes, including aggravated stalking, intimidation, and tampering with a witness who has information about the allegations set forth in the Commission's complaint.

17. In connection with the criminal charges asserted against him, French filed an Application for Criminal Indigent Status in which he stated that he had no income and only had $2,000 in assets.

WHEREFORE, and for the reasons more fully set forth in the brief in support of this motion, the Commission requests that the Court enter an order in the form attached hereto.

Respectfully submitted this 3rd day of April, 2023,

*/s/ M. Graham Loomis*
M. Graham Loomis
Regional Trial Counsel
United States Securities & Exchange Commission
950 E. Paces Ferry Road NE, Suite 900
Atlanta, GA 30326
404-842-7622
Georgia Bar No. 457868
loomism@sec.gov

Kristin W. Murnahan
Senior Trial Counsel
United States Securities & Exchange Commission
950 E. Paces Ferry Road NE, Suite 900
404-842-7655
Atlanta, GA 30326
Georgia Bar No. 759054
murnahank@sec.gov

COUNSEL FOR PLAINTIFF