UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. FRENCH, MJF HOLDINGS, LLC and MJF CAPITAL, LLC,<br><br>Defendants, and<br><br>208 SEARS STREET, LLC, 211 CROOKED CEDAR WAY, LLC, 302 KEITHWOOD DRIVE, LLC, 313 SLIDING ROCK DRIVE, LLC, 52 RIVERMONT ROAD, LLC, ALLY'S FARM, LLC, and DUGOUT ENTERPRISES, LLC,<br><br>Relief Defendants. | Civil Action File No.<br>1:23-cv-01443-JPB |

## CONSENT ORDER FREEZING ASSETS

It appearing that the Securities and Exchange Commission (the "Commission") and Defendants Michael J. French ("French"), MJF Holdings, LLC ("MJF Holdings"), and MJF Capital, LLC ("MJF Capital") and Relief Defendants

208 Sears Street LLC; 211 Crooked Cedar Way LLC; 302 Keithwood Drive LLC; 313 Sliding Rock Drive LLC; 52 Rivermont Road LLC; Ally's Farm LLC, and Dugout Enterprises, LLC (collectively "Relief Defendants") have consented thereto, and for good cause shown:[1]

## I.

**IT IS HEREBY ORDERED** that the Commission may take expedited discovery as follows:

A.  The Commission may take depositions upon oral examination subject to fifteen days' notice prior to the expiration of 30 days after service of the Summons and Complaint upon Defendants, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure;

B.  Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendants shall answer all of the Commission's interrogatories within fifteen days of service of such interrogatories;

---

[1] Defendants' and Relief Defendants' consent to the terms of this Consent Order should not be construed as an admission by Defendants or Relief Defendants of any wrongdoing or liability to the Commission or to any third parties, and should not be construed as an assessment by this Court of the validity or invalidity of the Commission's claims in this action. The Court understands that Defendants and Relief Defendants deny all claims asserted by the Commission in their Complaint, (continued…)

-2-

C. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, upon request of the Commission, the Defendants shall produce all documents within fifteen days of service of such request;

D. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendants shall answer all of the Commission's requests for admissions within fifteen days of service of such request;

E. The Commission may serve discovery requests by electronic mail or by any other means provided for within the Federal Rules of Civil Procedure;

F. All written responses to the Commission's discovery requests shall be delivered to the Commission at 950 E. Paces Ferry Rd. NE, Suite 900, Atlanta, GA 303026 or such other place as counsel for the Commission may direct, by the most expeditious means available, including electronic mail.

## II.

**IT IS FURTHER ORDERED** that Defendants, Relief Defendants, and their officers, agents, employees, servants, attorneys, any bank or financial institution holding any assets of the Defendants and all persons in active concert

---

(...continued)
but agree to the terms of this Consent Order to maintain the status quo until further rulings of the Court.

or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are hereby restrained and enjoined from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to defendants or the misconduct described in the Complaint.

## III.

**IT IS FURTHER ORDERED** that

    a.    Defendants, Relief Defendants, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of Defendants and Relief Defendants and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of Defendants or Relief Defendants), in whatever form such assets may presently

exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, except as set forth in Paragraphs V and VI, including, but not limited to, such funds held in the following accounts:

| Financial Institution | Account No. | Account Name |
|---|---|---|
| JP Morgan Chase Bank, N.A. | xxxxx9110 | MJF Capital, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx0298 | MJF Capital, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx2158 | MJF Holdings, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx3670 | MJF Holdings, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx6595 | Bandbox Homes, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx8658 | Dugout Capital, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx0910 | Dugout Cashflow, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx1872 | Dugout Enterprises, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx5216 | Dugout Solutions, LLC |
| JP Morgan Chase Bank, N.A. - Ink Business Premier Credit Card | xxxxxxxx6362 xxxxxxxx9448 | MJF Capital, LLC / Michael French |

| | | |
|---|---|---|
| JP Morgan Chase Bank, N.A. | xxxxx6591 | FISBIS LLC |
| JP Morgan Chase Bank, N.A. | xxxxx7177 | Future Funders, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx2867 | Gradesky Ecom LLC |
| JP Morgan Chase Bank, N.A. | xxxxx6279 | Hoventa Products LLC |
| JP Morgan Chase Bank, N.A. | xxxxx9166 | Kashic Products LLC |
| JP Morgan Chase Bank, N.A. | xxxxx7526 | Knollwood Customs LLP |
| JP Morgan Chase Bank, N.A. | xxxxx2053 | Lets Go Waffles LLC |
| JP Morgan Chase Bank, N.A. | xxxxx0906 | MJF Capital, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx8737 | MJF Holdings LLC |
| JP Morgan Chase Bank, N.A. | xxxxx9202 | MJF Marketing LLC |
| JP Morgan Chase Bank, N.A. | xxxxx6380 | MJF Marketing LLC |
| JP Morgan Chase Bank, N.A. | xxxxx2873 | Money Just Flows LLC |
| JP Morgan Chase Bank, N.A. | xxxxx2350 | MWL Capital LLC |
| JP Morgan Chase Bank, N.A. | xxxxx6500 | MWL Cashflow LLC |
| JP Morgan Chase Bank, N.A. | xxxxx8860 | MWL Enterprises LLC |
| JP Morgan Chase Bank, N.A. | xxxxx2261 | MWL Solutions LLC |
| JP Morgan Chase Bank, N.A. | xxxxx0980 | Papi Chino LLC |
| JP Morgan Chase Bank, N.A. | xxxxx9233 | Quantum Capital LLC |

| | | |
|---|---|---|
| JP Morgan Chase Bank, N.A. | xxxxx2022 | Quantum CashFlow LLC |
| JP Morgan Chase Bank, N.A. | xxxxx5136 | Quantum CashFlow LLC |
| JP Morgan Chase Bank, N.A. | xxxxx5372 | Quantum Enterprises LLC |
| JP Morgan Chase Bank, N.A. | xxxxx7137 | Sonetim Online LLC |
| JP Morgan Chase Bank, N.A. | xxxxx5006 | Wind it up LLC |
| JP Morgan Chase Bank, N.A. | xxxxx9319 | 101 Cumberland, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx0877 | 28 Cumberland, LLC |
| JP Morgan Chase Bank, N.A. | xxxxx7526 | Batesville Management Group LLC |
| JP Morgan Chase Bank, N.A. | xxxxx2685 | Batesville Management Group LLC |
| JP Morgan Chase Bank, N.A. | xxxxx9202 | MJF Marketing LLC |
| JP Morgan Chase Bank, N.A. | xxxxx8500 | Denise French or Michael French |
| JP Morgan Chase Bank, N.A. | xxxxx6077 | Michael French |
| JP Morgan Chase Bank, N.A. | xxxxx7651 | Michael Jay French |
| JP Morgan Chase Bank, N.A. | xxxxx3357 | Michael Jay French |
| JP Morgan Chase Bank, N.A. | xxxxx3730 | Michael French / Michael Jay French |

b.   All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service,

holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendants or Relief Defendants or over which Defendants or Relief Defendants exercise actual or apparent investment or other authority (including assets in the name of Defendants or Relief Defendants), in whatever form such assets may presently exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph A above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen, except as set forth in Paragraphs V and VI.

## IV.

**IT IS FURTHER ORDERED** that all persons who hold or possess the direct or indirect proceeds of the misconduct described in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this Order, by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, sale,

payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, except as set forth in Paragraphs V and VI.

V.

**IT IS FURTHER ORDERED** that Defendant French is permitted to withdraw up to $8,500 from the JP Morgan Chase NA bank account ending in 6077 to pay his living expenses for the thirty day period commencing from the date of this Order and for two subsequent thirty day periods. The total that may be withdrawn from the JP Morgan Chase NA bank account ending in 6077 for the ninety day period commencing from the date of this Order is $25,500. Once Defendant French has withdrawn $8,500 in any thirty day period, Defendant French shall not be permitted to make any further withdrawals until thirty days after his first withdrawal in that thirty day period. Defendant French shall provide counsel for the Commission with copies of any communications with JP Morgan Chase, NA within two days of the communication.

## VI.

**IT IS FURTHER ORDERED** that Denise French and William French together are permitted to withdraw up to $3,200 from the JP Morgan Chase NA bank account ending in 8500 to pay their living expenses for the thirty day period commencing from the date of this Order and for two subsequent thirty day periods. The total that may be withdrawn from the JP Morgan Chase NA bank account ending in 8500 for the ninety day period commencing from the date of this Order is $9,600.  The only deposits permitted into the JP Morgan Chase NA bank account ending in 8500 are social security and retirement benefits in the name of Denise French or William French.  The only withdrawals permitted from the JP Morgan Chase NA bank account ending in 8500 are for expenses owed by Denise French or William French.  Once the total of $3,200 has been withdrawn by Denise French or William French in any thirty day period, no further withdrawals shall be permitted until thirty days after the first withdrawal by Denise French or William French in that thirty day period.  Defendant French shall provide counsel for the Commission with copies of the monthly bank statements from the JP Morgan Chase NA bank account ending in 8500 within seven (7) days of the end of the month.

## VII.

**IT IS FURTHER ORDERED** that to the extent Defendants or Relief Defendants transferred any funds out of any account containing investor funds at any time after counsel for Defendants and Relief Defendants were notified of the Commission's intent to seek an asset freeze on March 30, 2023, Defendants and Relief Defendants will repatriate any assets into the accounts from which they were transferred within three (3) business days of this Order.

## VIII.

**IT IS FURTHER ORDERED** that with respect to the asset freeze provided for in Sections III-VII, above, any bank, brokerage firm, mutual fund, hedge fund or other financial institution or any other person, partnership, corporation or other entity maintaining or having custody or control of: (a) any brokerage or depository accounts or other assets of the Defendant or Relief Defendants; or, (b) accounts, securities or funds of any kind into which investor or customer funds or proceeds have been invested or deposited; (c) accounts or assets under the direct or indirect control of any Defendant or Relief Defendant, or (d) other tangible or intangible assets under the direct or indirect control of any Defendant or Relief Defendant, who receives actual notice of this Order, shall:

(i)     freeze such accounts, funds or assets, except as provided in Paragraph V and VI;

(ii)    within five (5) business days of receipt of such notice, file with the Court and serve on counsel for the Commission and for the Defendants, a certified statement setting forth, with respect to each such account, fund or other assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

(iii)   promptly cooperate with the Commission to determine whether and to what extent any accounts, funds or other assets are actually assets or proceeds of assets of any of the Defendants or Relief Defendants.

### IX.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants shall submit in writing and serve upon the Commission, within twenty (20) business days following service of this Order upon them, an accounting identifying:

1.  all transfers or payments of funds to them or any other entity controlled by them from investors or clients in connection with the misconduct described in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial

-13-

institution of the party making and the party receiving the transfer or payment);

2. in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

- the nature and results of any investment in which the funds were used;

- any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and

- any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.

3. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date

   received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);

4. assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of Defendants or Relief Defendants, whether in the United States or elsewhere; and

5. all accounts held at any bank, brokerage or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Defendants or Relief Defendants, or in which Defendants or Relief Defendants have or had any direct or indirect beneficial interest, at any time from April 1, 2020 to the present.

## X.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants shall submit in writing to the Commission, within ten (10) business days following service of this Order upon them, a list of all street and mailing addresses (including without limitation postal box numbers), telephone or facsimile

transmission numbers (including without limitation pagers and mobile telephones), electronic mail addresses, safety deposit boxes, and storage facilities used by them or under their direct or indirect control, at any time since April 1, 2020.

## XI.

Nothing in this Order shall be construed to require that a defendant or relief defendant abandon or waive any constitutional or other legal privilege which he may have available to him including his Fifth Amendment privilege against self-incrimination. In turn, nothing in Order shall prevent the SEC from opposing or challenging any assertion by a defendant or relief defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

## XII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

Dated: April ___, 2023

_____
J. P. BOULEE
UNITED STATES DISTRICT JUDGE